IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROBERT H. COZAD, JR.                                                                PLAINTIFF

V.                                      NO. 13-5058

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Robert H. Cozad, Jr., brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on August 15, 2011, alleging an inability to work since June 14, 2010, due to heart problems, diabetes, back problems, and problems reading and writing. (Tr. 114-115,121-126, 153, 157). An administrative hearing was held on April 17, 2012, at which Plaintiff appeared with counsel, and he and his ex-wife testified. (Tr. 22-50).

---

[1] Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated June 25, 2012, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - coronary artery disease, cardiomyopathy, ventricular tachycardia, diabetes mellitus, and obesity. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> lift and carry ten pounds occasionally and less than ten pounds frequently, stand and walk two hours in an eight-hour workday, sit six hours in an eight-hour workday, and push and pull in the amount of weight given. The claimant could occasionally climb, balance, stoop, kneel, crouch and crawl but must avoid work at unprotected heights, around dangerous and moving machinery, and involving exposure to extremes of temperature.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff would be able to perform, such as fishing reel assembler, lamp shade assembler, and nut sorter. (Tr. 15-16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 13, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

**III.  Discussion:**

Plaintiff raises the following issues on appeal: 1) The ALJ erred by failing to consider all of Plaintiff's impairments in combination; 2) The ALJ erred in his credibility findings; 3) The ALJ erred in his RFC determination; and 4) The ALJ failed to fully and fairly develop the record. (Doc. 9).

**A. Combination of Impairments:**

In his decision, the ALJ set forth the fact that at step two, he must determine whether Plaintiff had "a medically determinable impairment that is 'severe' or a combination of impairments that is 'severe.'" (Tr. 11). He also stated that an impairment or combination of impairments is "not severe" when medical and other evidence established only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. (Tr. 11). The ALJ stated that at step three, he must determine whether the Plaintiff's "impairment or combination of impairments" meets or medically equals the criteria of an impairment listed in the relevant listings. (Tr. 11). The ALJ

concluded that Plaintiff did not have an impairment "or combination of impairments" that met or medically equaled the severity of one of the listed impairments. (Tr. 13). This language demonstrates that the ALJ considered the combined effect of Plaintiff's impairments. See Martise v. Astrue, 641 F.3d 909, 924 (8th Cir. 2011); Raney v. Barnhart, 396 F.3d 1007, 1011 (8th Cir. 2005).

In addition, the ALJ carefully addressed all of Plaintiff's alleged impairments, noting that although Plaintiff alleged chronic back pain, there were no musculoskeletal abnormalities documented in the record and no related x-rays performed. (Tr. 14). On August 31, 2011, Plaintiff visited the Free Health Clinic, and it was reported that he had a normal gait. (Tr. 256). The same was reported on September 14, 2011, and November 15, 2011. (Tr. 296, 315). The ALJ also noted that in 2010, Plaintiff resumed using tobacco despite recommendations to stop entirely, worked a full-time job, and exercised every day. (Tr. 140). The ALJ also considered the effects of Plaintiff's obesity upon his ability to function and in assessing his RFC. (Tr. 14).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the fact that the ALJ gave proper consideration to Plaintiff's combination of impairments.

**B.     Credibility Findings:**

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not

discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ reported that Plaintiff's testimony was considered "generally credible and consistent with the evidence as a whole, but his self-described activities of daily living (i.e., riding his motorcycle, living alone and taking care of a two-bedroom apartment, caring for his two school-aged children who are 14 and 9 every other weekend, sitting outside, visiting with friends, and walking around to visit neighbors) do not support the presence of a disabling cardiovascular impairment." (Tr. 15). In addition, he noted that no treating or examining physician opined that Plaintiff could not perform work activity of any kind. (Tr. 15).

The ALJ also considered the medical records, acknowledging that Plaintiff had a history of serious cardiovascular disease. (Tr. 15). However, after his visit to Washington Regional Medical Center on February 24, 2010, for left heart catheterization, on March 3, 2010, Dr. Boris Bogomilov, of the Northwest Arkansas Heart and Vascular Center, assessed Plaintiff as doing fairly well from a electrophysiology standpoint, and encouraged Plaintiff to begin exercising and increasing his level of exercise. (Tr. 250).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's credibility findings.

### C. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

AO72A
(Rev. 8/82)

404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ found that Plaintiff was capable of performing sedentary work with certain limitations. (Tr. 13). The ALJ considered the medical records, opinions of treating as well as non-examining consultants, and Plaintiff's description of his limitations. Plaintiff summarily argues that the medical evidence of record does not support a conclusion that Plaintiff would be capable of performing less than a full range of sedentary work, but gives no specific details as to why. On the other hand, the ALJ considered all of the medical records, discussed Plaintiff's impairments and the records relating thereto, as well as his daily activities, and concluded Plaintiff could perform sedentary work with certain limitations.

The Court finds there is substantial evidence to support the ALJ's RFC findings.

### D. Failure to Fully Develop the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d

AO72A
(Rev. 8/82)

935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).

Plaintiff contends that the ALJ should have inquired of Plaintiff's primary treating physician for his heart condition, Dr. David Churchill, of Northwest Arkansas Heart and Vascular Center, regarding Plaintiff's ability to function in the workplace on a regular and sustained basis.

The records indicate that when Plaintiff saw Dr. Churchill on January 28, 2010, Dr. Churchill reported that overall, Plaintiff had been stable and had no current complaints. (Tr. 237). Plaintiff denied chest pain, syncope, and bilateral lower extremity edema. (Tr. 237). Dr. Churchill also noted that Plaintiff had been walking 45 minutes every day, and also reported that Plaintiff continued to use tobacco, despite recommendations to stop entirely. (Tr. 237).

AO72A
(Rev. 8/82)

On February 24, 2010, Dr. Churchill conducted a left heart catheterization, selective coronary angiography, and left ventriculography. (Tr. 242-244). On February 25, 2010, the date of Plaintiff's discharge, the discharge summary indicated that Plaintiff's wife stated that her husband underwent a "midlife crisis about 3 or 4 years ago and stopped his ACE inhibitor, statin, and essentially all medications except his beta-blocker and digoxin. Finances were not an issue so much as he was tired of taking medications." (Tr. 263). And, as stated earlier, on March 3, 2010, Dr. Bogomilov, of Northwest Arkansas Heart and Vascular Center, reported that Plaintiff was doing fairly well from an electrophysiology standpoint and encouraged Plaintiff to begin exercising and increase his level of exercise. (Tr. 250). The ALJ also had before him the Physical RFC Assessment of Dr. James Wellons, who opined that the medical records supported a sedentary RFC.

The Court finds that the existing medical sources contain sufficient evidence for the ALJ to make a determination, and there is substantial evidence to support the fact that the ALJ did not fail to fully developed the record.

### IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 11th day of March, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)